FILED

SEP 29 2017

Clerk, US District Court
District of Montana - Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 11-006-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 14-109-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| LARRY JOHN DAUENHAUER, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Dauenhauer's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. All but one of Dauenhauer's claims have been denied or withdrawn. This order addresses the merits of the sole remaining claim and considers whether a certificate of appealability is appropriate on any of the claims the Court has decided in the § 2255 proceedings.

The remaining claim alleges that counsel was ineffective because he failed to advised Dauenhauer that sharing methamphetamine, without expecting payment for it, would constitute a violation of 21 U.S.C. § 841(a)(1). Dauenhauer claimed he would have pled guilty rather than proceeding to trial if he had understood that fact. The parties deposed trial counsel and filed the deposition in the record of the case. Dauenhauer testified at an evidentiary hearing on April 7, 2017.

1

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Dauenhauer must prove (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Dauenhauer was charged with three crimes: conspiring to distribute and to possess with intent to distribute more than 500 grams of a mixture containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); possession of the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c) (Count 3). The crimes were alleged to have occurred over a period of about four years. *See* Indictment (Doc. 1) at 2-4.

Dauenhauer stood trial before a jury and testified in his own defense. He admitted that he personally used methamphetamine. He also admitted that he shared methamphetamine at times with friends. He said that sometimes he provided it, and sometimes they did. *See, e.g.*, 3 Trial Tr. (Doc. 164) at 730:10-731:24, 732:23-735:16, 745:1-7.

2

During deliberations, the jury asked, "Is the possessing with the intent to distribute the same as sharing the drug with others socially?" Jury Note (Doc. 99) at 2. In response, the jury was directed back to the jury instructions. *Id.* at 3. Among other things, the instructions advised both that possession with intent to distribute could be proved "with or without any financial interest in the transaction" and that "[i]ntent to distribute may be inferred from the purity, price, and quantity of the drug possessed." Jury Instrs. Nos. 10, 12 (Doc. 98 at 21, 24). The jury acquitted Dauenhauer of Counts 1 and 3 and convicted him of Count 2, possessing more than 500 grams of methamphetamine, or 50 grams of pure methamphetamine, with intent to distribute it.

Dauenhauer now alleges that he would have pled guilty if he had properly understood the elements of possession of methamphetamine with intent to distribute it. To prevail, he must show that counsel gave him incorrect legal advice or at least that counsel had reason to believe Dauenhauer did not understand what conduct would violate the statute. He must also show that "but for the ineffective advice of counsel there is a reasonable probability that [a] plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less

3

severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Dauenhauer has not met either prong of the *Strickland/Lafler* test. First, at the evidentiary hearing, Dauenhauer did not testify that counsel told him sharing methamphetamine was not a federal crime. He testified that counsel told him the strategy at trial would be to persuade the jury that Dauenhauer had relatively small quantities of methamphetamine for his personal use and shared occasionally with friends. The charge was possession with intent to distribute, not distribution. Personal use plus occasional sharing did not prove Dauenhauer obtained and held methamphetamine with the intention of distributing it to others. Therefore, counsel's trial strategy was a reasonable one.

Moreover, at the evidentiary hearing, Dauenhauer testified simply that counsel did *not* tell him that sharing methamphetamine *was* distribution. There is no evidence that counsel himself believed that sharing methamphetamine was *not* distribution. Nor is there any evidence that counsel knew or had reason to know that Dauenhauer decided to go to trial because he mistakenly believed that sharing methamphetamine was *not* distribution.

In sum, there is no evidence that counsel gave Dauenhauer erroneous advice or even that counsel perceived yet failed to correct a misunderstanding on Dauenhauer's part. Dauenhauer has failed to prove that counsel's performance

was deficient.

The prejudice prong of the *Strickland* test also is not met. If Dauenhauer was convicted of Count 3 and either Count 1 or Count 2, the mandatory minimum sentence was 15 years. At the evidentiary hearing, Dauenhauer testified that, as a 65-year-old man, he decided to go to trial in the hope of obtaining an acquittal on all charges or, presumably, a verdict reflecting a lower drug amount, so that his sentence would be less than 15 years. Fifteen years, in effect, meant the rest of his life. And there is no evidence the United States was willing to entertain a plea bargain entailing a lesser drug charge or dismissal of the § 924(c) charge. Counsel testified in deposition that the prosecutor was intent on obtaining the longest sentence he could get and would not dismiss charges or reduce the drug quantity. *See* Counsel Dep. (Doc. 257) at 9:12-23, 10:18-11:24, 15:8-20, 17:8-20, 18:22-19:2. There is no evidence to the contrary. Although Dauenhauer may well have pled guilty to a drug crime charging a lesser quantity, with or without a § 924(c) charge in addition to that, there is no reasonable probability that he was or would have been given that option.

Dauenhauer's sole remaining claim of ineffective assistance of counsel is denied.

None of Dauenhauer's claims makes a substantial showing that he was deprived of a constitutional right. *See* 28 U.S.C. 2253(c)(2). As explained above,

5

after full development of the factual record, the evidence does not support either Dauenhauer's claim that his decision to go to trial was based on incorrect legal advice or that he would have pled guilty had he been correctly advised. Dauenhauer's claims regarding the sufficiency of the indictment and the drug quantity attributed to him, *see* Order (Doc. 197) at 3-5, were addressed on appeal and found to lack merit. His claim that the prosecutor vouched for his witnesses' credibility referred to fair closing argument. *See id.* at 5-7. The petit jury's verdict obviated any challenge to the sufficiency of the evidence to support the grand jury's decision. *See id.* at 7-8. The sentence, while harsh, was within the guideline range that was found to apply, was substantively reasonable, and was imposed pursuant to correct procedures. *See id.* at 8-9. Reasonable jurists would find no basis to disagree with any of these conclusions. Further proceedings are not warranted. A certificate of appealability will be denied as to all claims.

Dauenhauer also alleged that a biased juror was seated and that the prosecutor failed to disclose *Giglio* information. He abandoned the first of these claims, *see* Order (Doc. 234) at 22 ¶ 4; Second Am. § 2255 Mot. (Doc. 237) at 1-2, and withdrew the second at the conclusion of the evidentiary hearing on April 7, 2017, *see* Minutes (Doc. 257).

Accordingly, IT IS HEREBY ORDERED:

1. Dauenhauer's motion to vacate, set aside, or correct the sentence *under*

28 U.S.C. § 2255 (Docs. 193, 237) is DENIED.

2. A certificate of appealability is DENIED on all claims. The Clerk of Court shall immediately process the appeal if Dauenhauer files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-109-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Dauenhauer.

DATED this 29th day of September, 2017.

Susan P. Watters
United States District Court